## McCLURE v. SMITH.

September 29, 1838.

*Exceptions to Auditor's Report.*

A. died in 1826, seized of real estate, having made a will. B. sued his executor, in 1837, on a promise made by the testator in his lifetime, without giving notice of the suit to the widow and devisees, and obtained judgment. The testator's real estate was subsequently sold at sheriff's sale, on a judgment regularly obtained for a debt due by testator in his lifetime: *Held*, that B. was not entitled to be paid his judgment out of the proceeds of sale, he not having given notice of his action to the widow and devisees, according to the 34th section of the act of 24th of February, 1834.

THESE were exceptions to an auditor's report, distributing the

proceeds of a sheriff's sale, under an alias *venditioni exponas* to Chester County, in which Joseph McClure, administrator of Joseph Denney deceased, was plaintiff, and John Smith, executor of Isaac James deceased, was defendant.

Judgment was entered for the plaintiff in the case, on 7th June, 1837. The *scire facias* was to June term, 1837, on a judgment for £200, obtained in the lifetime of the testator and duly revived.

The real estate of the testator was levied on under a *tes. fi. fa.* directed to Chester County, and was sold by the sheriff under the *alias venditioni exponas,* 30th Sept. for 1700 dollars.

The fund in court (after paying this judgment) was 1,240 dollars 40 cents. Isaac James, the testator, died in March, 1826, having made his will. Silas McClure, executor of James McClure, brought suit against Smith, the executor of James, for the amount due on a promissory note, given by testator in his lifetime. Judgment for plaintiff, before Alderman Thompson, 28th September, 1837, for 77 dollars 20 cents, with costs, and a transcript was filed in the Prothonotary's office of Chester County, on the same day.

Silas McClure died after the date of the judgment, and Robert Morton was appointed administrator *de bonis non cum testamento annexo* of James McClure, and claimed out of the fund now in court, the amount due the estate of James McClure, as ascertained by the judgment obtained before the justice on the promissory note above mentioned.

The auditor rejected the claim made on this judgment for 77 dollars 20 cents, which rejection was the subject of the following exceptions to the auditor's report.

" 1. That the auditor has given an erroneous construction to the act of 24th February, 1834, sections 24 and 34.

2. That the fact that the period of eleven years have elapsed from the death of the testator, before judgment was obtained, or suit instituted on the promissory note, and the fact that the suit did not follow the act of assembly which requires in certain cases the heirs to be made parties, made no difference in this case, and could not prevent or bar Morton from claiming the payment of the debt he represents, out of the fund the auditor was to distribute.

3. The testator's will could have no effect on the question, until

[McClure v. Smith.]

debts were paid; the provisions of the will could not take effect as to the disposition of property, &c.

4. It was not necessary the widow and the heirs should have had notice.

5. Because the report of the auditor was contrary to law."

*Raybold*, for the exceptions.
*J. A. Phillips*, contra.

PER CURIAM.—The report of the auditor must be confirmed. Sect. 34 of the act of 24th February, 1834, is imperative, that unless the widow and devisees are served with notice of the suit brought against the executor, where a claimant seeks to charge the real estate of the testator, the judgment obtained shall not be *levied or paid,* out of such real estate. (*Stroud's Purd. tit. Executors and Administrators.*) By sect. 24 the lien of the debt was gone, more than five years after the death of the testator having elapsed before the suit was brought.

Exceptions dismissed.